# In the United States Court of Federal Claims

No. 25-2125C
(Filed: April 29, 2026)
**NOT FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| KYLE WEBSTER, | \* |
| | \* |
| Plaintiff, | \* |
| | \* |
| v. | \* |
| | \* |
| THE UNITED STATES, | \* |
| | \* |
| Defendant. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER

Plaintiff Kyle Webster, proceeding *pro se*, raises various claims arising from a rejected deposit at his bank. *See* Compl. (ECF 1). He has applied for leave to proceed *in forma pauperis*. *See* App. (ECF 2). The government has moved to dismiss for lack of jurisdiction, and Plaintiff has not responded. *See* Mot. (ECF 7); RCFC 12(b)(1). The application for leave to proceed *in forma pauperis* is **GRANTED**. The motion to dismiss is **GRANTED**. The case is **DISMISSED**.

This Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims, most commonly non-tort claims for money damages under the Tucker Act. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Claims that are outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3). "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel, *pro se* litigants are not excused from meeting jurisdictional requirements." *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)); *see also Howard-Pinson v. United States*, 74 Fed. Cl. 551, 553 (2006) (citing *Haines v.*

*Kerner*, 404 U.S. 519, 520–21 (1972)) (explaining that *pro se* litigants are "entitled to a liberal construction of [their] pleadings").

Here, even taking the facts in the Complaint as true, Plaintiff has not alleged that he was harmed by any act or omission attributable to the United States. He claims that he received a check from the United States, but that when he tried to deposit it into his bank account, the bank rejected his request, closed his account, and failed to return the check. Even if Plaintiff was injured by the bank's actions, this Court cannot hear claims against defendants other than the United States. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941).

Nor does Plaintiff request relief this Court has jurisdiction to provide. Most claims in this Court must be based on a source of law that, if applicable to the facts, would require the United States to pay money. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). Plaintiff wants to compel the United States to investigate his bank, but this Court cannot provide that relief. *See Garner v. United States*, No. 25-55C, 2025 WL 2417055, at *1–2 (Fed. Cl. Aug. 21, 2025) (citing *Santini v. United States*, 173 Fed. Cl. 724, 727 (2024), and *Heckler v. Chaney*, 470 U.S. 821, 831 (1985)). Plaintiff also wants the original check reissued, but he does not identify the source of the check, why he was entitled to the money in the first place, or why the United States would be obligated to reissue the check after it was lost by a third party.

## CONCLUSION

The application for leave to proceed *in forma pauperis* (ECF 2) is **GRANTED**. Defendant's motion to dismiss (ECF 7) is **GRANTED**. The case is **DISMISSED**.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge
